UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORGE FERNANDEZ MARTINEZ,

    Petitioner,

v.                                  8:10-Cv-1735-T-23MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## O R D E R

Before the Court is a pro se letter motion from Petitioner, which the Court construes as a motion to compel the Government to file a Rule 35 motion. (D-69.)

Petitioner is serving a 420-month term of imprisonment after being convicted of drug and firearm offenses. He filed an unsuccessful motion pursuant to 28 U.S.C. § 2255. The Eleventh Circuit recently denied Petitioner a certificate of appealability.[1]

Petitioner states that he provided assistance to law enforcement relating to a murder case, but that the Government refused to file a Rule 35 motion because he had an open

---

[1] The Court notes that Petitioner complains that his counsel waited 21 days to mail him a copy of the Eleventh Circuit order denying the certificate of appealability. To the extent Petitioner requests relief in the form of requesting permission to file a belated motion to reconsider, this Court has no jurisdiction to grant that relief and that request must be filed with the Eleventh Circuit Court of Appeals.

appeal. He further states that he has other information he is willing to provide to law enforcement so that he may reduce his sentence.

Rule 35(b) states that, after sentencing, the court may reduce a defendants sentence upon a motion by the government that defendant provided substantial assistance in investigating or prosecuting another person. "[T]he government has 'a power, not a duty, to file a motion when a defendant has substantially assisted.'" United States v. Dorsey, 554 F.3d 958, 961 (11th Cir. 2009) (citing United States v. Forney, 9 F.3d 1492, 1500 (11th Cir.1993) (quoting Wade v. United States, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992)). As such, unless the Government files a motion, the court cannot grant a downward departure based on substantial assistance. Id.

The Supreme Court in Wade held that "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive, such as race or religion." 504 U.S. at 185-86. A mere claim that a defendant provided substantial assistance or generalized allegations of an improper motive are

insufficient. Id. at 186. "[J]udicial review is appropriate only when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." Dorsey, 554 F.3d at 961 (citation omitted). Absent a "substantial threshold showing," the defendant has no right to relief, discovery or an evidentiary hearing. Wade, 504 U.S. at 186.

Petitioner, who was found guilty after a jury trial, has not demonstrated either a contractual obligation on behalf of the Government to file a Rule 35 motion or any breach of an agreement. Furthermore, he has not demonstrated a violation of due process.

Moreover, Petitioner has not shown that the Government's failure to file a Rule 35 motion is based on an unconstitutional motive, nor has he made a "substantial threshold showing" of an unconstitutional motive. Finally, Petitioner has not made a substantial showing that the Government's failure to file a Rule 35 motion is not rationally related to a legitimate government end.

Accordingly, it is ORDERED that:

1) Petitioner's construed motion to compel the

Government to file a Rule 35 motion (D-69) is DENIED.

DONE AND ORDERED at Tampa, Florida this ___9th___ day of July, 2012.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE